## The Borough of Oakdale, Appellant, v. Hugh Sterling et al.

*Municipal claim—Curb—Unauthorized line.*

A claim by a borough for the setting of curb on lines not approved or adopted by the councils cannot be sustained.

*Evidence—Recital of ordinance in plan—Best evidence.*

A plan authorizing certain lines of a borough street is not admissible in evidence to show the formal adoption of such line by the borough because of a recital that it was recorded pursuant to a resolution of councils. The recorder's certificate is the requisite evidence of record, not that of the burgess, and the ordinance or resolution of councils should have been offered if such existed.

Argued April 26, 1898.    Appeal, No. 198, April T., 1898, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1897, No. 437, on verdict for defendant.    Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ.    Affirmed.

Sci. fa. sur municipal claim for $149, and penalty of twenty per cent.    Before Kennedy, P. J.

The facts sufficiently appear from the opinion of the court below refusing a new trial.

There seem to be many irregularities in the proceedings upon which this action is based, some of which render the lien void and are fatal to plaintiff's recovery.

The claim is for the cost of the improvement of Clinton avenue in the borough of Oakdale (plaintiff). Long prior (more than twenty-one years) to the organization of this borough a township road ran through the territory now included within the limits of the borough. In the year 1896 an ordinance was passed by council providing for this improvement, but no plan of streets and alleys was ever adopted by the council of said borough. A general plan, it is true, was offered in evidence, but it was not claimed that it had ever been properly adopted by council, its record showing only that it had been acknowledged by the burgess of the borough. Without, therefore having any proper legislation providing for the location of Clinton avenue and fixing the grade thereof, the borough undertook this improvement, locating it partly on the old public road mentioned, but in places deviating therefrom, encroaching on the property of defendant here, and moving it away there, so that a space intervened between the property of defendant, and the line of the street as newly located, and changing the grade from the natural grade or that of the road as used for so long time as named, in places to the extent of a foot or more.

The ordinance providing for this improvement was passed June 10, 1896, and required the owners of abutting property to do the work and in case of their refusal or neglect to do it after proper notice to property owners, the work should be done by the borough, but at their cost. It appears that on the 27th of June, 1896, without giving defendant proper notice, the borough entered into a contract with one W. H. Roberts for the doing of this work, the cost of which is here sought to be collected from defendant. No ordinance or other proper legislation was passed authorizing the making of this contract or the doing of this work.

The failure on the part of plaintiff to adopt proper legislation locating the avenue to be improved, establishing its grade, etc., the failure also to give the notice required by the ordinance to be given defendant and having his refusal before proceeding with

the work, the failure also to have the contract under which the work was done, authorized by proper ordinance of council, seem to be such irregularities and defects as will defeat any recovery in this case. Other defects and irregularities have been suggested on behalf of defendant, but it is unnecessary to consider them here, as those mentioned are sufficient for the disposition of the question before us. The affidavit of defense avers that the plaintiff has never complied with the law under which it was organized in that it has never recorded in the proper office its petition or application for incorporation as required by law, but the question thus suggested was not raised on the trial of the case, and we were not asked to pass upon it.

For the reasons hereinbefore given the rule in this case must be discharged and a new trial refused. It is so ordered.

The court below directed a verdict for defendant. Plaintiff appealed.

*Errors assigned* were (1) in giving binding instructions for defendant. (2) In refusing to admit in evidence the general plan of the borough, marked plan of Oakdale borough.

*E. E. Fulmer*, for appellant.—The answer to defendant's fourth point is that Clinton avenue, as such, was first created by Mr. Love in his plan of lots recorded April 29, 1874, in which he made Clinton avenue a straight street in front of the Sterling property, dedicating part of his own land to straighten out the curve, and that the borough of Oakdale when it was organized followed the Love plans and had a general plan of the borough, coinciding generally with the Love plans, made and duly recorded. The court below refused to admit the borough's plan because, as alleged, it was not adopted by the borough with proper formality, and because the borough could not relocate a street by the adoption of a plan. The answer is that the recorded plan bears upon its face the record of a resolution of council authorizing and directing the burgess to have it recorded as and for the act and deed of the borough. The plan simply purports to be a combination of the different plans made and recorded by C. H. Love, of land now included in the borough of Oakdale, and being a public record, should have been admitted. The purpose of the exhibit was not to show the re-

location of a street, but to show that the present location was the original and only proper location of Clinton avenue.

No act of legislation on the part of the borough of Oakdale was necessary to enable it to take and occupy for street purposes that which had been dedicated formally to street purposes by the original maker of the town plan ; and having placed the avenue within the boundaries originally made for it, the borough, by its own act, abandoned whatever claim it might have had to the portion of the old road left outside the boundaries of the avenue.

*Edwin S. Craig,* for appellees.—A municipal corporation cannot change the lines of or straighten a street excepting in the way prescribed by law.   An ordinance to grade, pave and curb a street gives no authority to change the established lines, and a valid municipal lien for improving a street can only be created when the improvement is made in pursuance of law : Hershberger v. Pittsburg, 115 Pa. 78 ; W. P. R. R. v. Allegheny, 92 Pa. 100 ; Morewood Avenue, 159 Pa. 39.

The right of a municipal corporation to improve a street, at the expense of the property owners, is restricted to the limits of the street as originally established ; a power to grade does not authorize a change of lines : White v. Commonwealth, 37 L. I. 354.

The curbing as constructed being located on the roadway of Clinton avenue for enough of the distance, in front of Mr. Sterling's property, to render incorrect the location of the curbing for the whole distance in front of his property, no part of this lien is enforceable against the defendant : Milesburg v. Green, 22 W. N. C. 180.

OPINION BY PORTER, J., October 10, 1898 :

This claim is for the cost of curbing laid on the westwardly side of Clinton avenue in front of the defendant's property, in the plaintiff borough, by authority of an ordinance passed June 10, 1896.   On the trial a verdict was directed to be entered for the defendant.   In this there was no error.   What is called Clinton avenue is a part of a township road running through territory now in part included in the borough of Oakdale.   This road was shown to have been in public use for

more than twenty-one years. In front of the defendant's property the road curved. When the improvement provided for by the above ordinance was commenced, the lines of the road were straightened. The effect of this was an encroachment upon the defendant's land at one point and the setting of the road line out, at another. The ordinance under which this was done did not purport nor attempt to legislate respecting the plan or the lines of the street but simply provided for curbing. The effect, however, so far as the defendant's land was concerned, was a substantial change of line without the authority of borough legislation. The plaintiff, however, offered in evidence a plan showing the lines of Clinton avenue to be straight as now sought to be curbed. This plan was rejected as evidence. It purported to be an original plan and recited that it was recorded pursuant to a resolution of councils. This recital was over the signature of one calling himself the burgess, but the fact that the plan was recorded was not certified by the signature of the recorder. The mere recital of the adoption of the plan by councils did not justify its admission in evidence. The ordinance or resolution of the councils should itself have been offered if such an ordinance existed. There was thus no evidence before the court showing that the lines of the old township road had been changed to the straight lines of Clinton avenue by any proper legislation. The claim by the borough for the setting of the curb on lines not approved or adopted by the councils, cannot therefore be sustained. The plaintiff's case discloses several additional defects, but that above referred to is so patently fatal that we regard the discussion of the others as unnecessary.

Judgment affirmed.